UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WHITNEY NATIONAL BANK, a
national banking association,

    Plaintiff/Cross-Defendant,

v.                                      Case No.: 8:09-cv-01788-EAK-TBM

SDC COMMUNITIES, INC. a Florida
corporation, et al.,

    Defendant/Cross-Plaintiff.

_____/

## ORDER ON DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT

This cause is before the Court on Defendants, SDC Communities, Inc. ("SDC"), Henry Rodriguez, Susanne Rodriguez, H&S Hytop, LLC ("H&S"), Motion to Dismiss Plaintiff's First Amended Complaint (Dkt. 17), and response thereto (Dkt. 20).

### BACKGROUND AND PROCEDURAL HISTORY

This is a brief summary of the extensive facts set forth in the amended complaint (Dkt. 17). Henry and Susanne Rodriguez are husband and wife. They are the owners and holders of all the issued and outstanding shares of stock of SDC. Henry Rodruguez is SDC's sole officer and director. Henry and Susanne Rodriguez are also the owners and holders of all membership units of H&S Hytop, LLC. Henry Rodriguez is the sole manager of that company.

Henry Rodriguez represented SDC to obtain a revolving line of credit (LOC) from Whitney, which would be secured by a mortgage on property in Sarasota, Florida. Henry personally guaranteed the loan. At the same time, SDC owed $11,425,000.00 to Henry and Susanne Rodriguez under the 2005 Rodriguez Loan, which was secured by a mortgage on real

1

property. SDC also owed $6,653,025.00 to JMC, which was secured by a mortgage on SDC's property. SDC sold property for $10,300,000.00 and used $5,581,460.00 to pay the debt to JMC.

Whitney and SDC entered into a contract ("the Note") for a LOC of $15,000,000.00 with $6,650,000.00 restricted to paying the JMC debt. There was a general restriction on the money that it be used for investments in real estate and commercial development. Also, $2,000,000.00 was to be kept liquid at all times.

At the closing, SDC paid the Rodriguezes $8,171,121.34 in full satisfaction of the 2005 Rodriguez loan. The Rodriguezes assigned the Rodriguez Mortgage to Whitney to secure the LOC. SDC paid JMC $1,071,565.00 in satisfaction of the debt and SDC took a draw of $9,370,000.00 on the LOC. In taking the 2008 Rodriguez Loan, SDC paid down the Whitney LOC by $8,171,121.34, but there is no record of this loan. The available balance at that time was $13,801,121.18.

In its First Amended Complaint, Whitney alleges that: SDC has breached the loan agreement when the Rodriguezes used the funds from the LOC for personal expenses; SDC's financial condition has undergone a material change; SDC failed to maintain liquidity of $2,000,000.00; and Henry Rodriguez's financial condition underwent a material adverse change, which constitutes a material event of default under the Continuing Guarantee.

Defendants filed this Motion to Dismiss Plaintiff's First Amended Complaint for failure to state a claim.

## STANDARD OF REVIEW

A Defendant may move to dismiss a complaint under Rule 12(b)(6) for "failure to state a claim on which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff's complaint must include "enough facts to state a claim to relief

2

that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt the plaintiff can prove no set of circumstances that would entitle him to relief. *Am. Ass'n of People with Disabilities v. Smith*, 227 F. Supp. 2d 1276, 1280 (M.D. Fla. 2002). A trial court is required to view the complaint in the light most favorable to the plaintiff. *Ill. ex rel. Madigan v. Telemarketing Assoc., Inc.*, 538 U.S. 600, 618 (2003).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While a complaint attacked by a Rule 12(b)(6) motion need not be buttressed by detailed factual allegations, the plaintiff's pleading obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Factual allegations must be enough to raise a right to relief above the speculative level on that assumption that all of the complaint's allegations are true. *Id.* at 555. "The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct 1937, 1949 (2009).

A complaint may not be dismissed under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Lopez v. First Union Natl. Bank of Fla.*, 129 F.3d 1186, 1189 (11th Cir. 1997). On a motion to dismiss, the court limits its considerations to the pleadings and exhibits attached thereto. *GSW, Inc. v. Long Co., Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993).

## DISCUSSION

I. **Language of the Loan Agreement**

In interpreting a contract in a breach of contract claim, Florida courts look to the circumstances surrounding the contract to determine the intention of the parties and to give effect to that intent. *Republic Servs., Inc. v. Calabrese*, 939 So. 2d 225, 226 (Fla. 4th Dist. Ct. App. 2006); *Smart v. Brownlee*, 195 So. 2d 4, 5 (Fla. 4th Dist. Ct. App. 1967); *Jacksonville Terminal Co. v. Railway Exp. Agency, Inc.*, 296 F. 2d 256, 259 (5th Cir. 1961). However, courts may only look to the circumstances surrounding the contract if the language in question in the contract is ambiguous. *Homes & Land Affiliates, LLC v. Homes & Loans Magazine, LLC*, 598 F. Supp. 2d 1248, 1269 (M.D. Fla. 2009). Where the language of the contract is clear and unambiguous, the court may look only to the plain meaning of the words in the contract. *Idearc Media Corp. v. M.R. Friedman & G.A. Friedman, P.A.*, 985 So. 2d 1159, 1161 (Fla. 3d Dist. Ct. App. 2008). Courts should interpret contractual language using the ordinary and natural meaning of words appearing in the contract that is most commonly understood under the circumstances unless otherwise indicated. *Nat'l R.R. Passenger Corp. v. Rountree Transp. & Rigging, Inc.*, 422 F.3d 1275, 1284 (11th Cir. 2005). Ambiguous language is construed against the drafter of the contract. *City of Homestead v. Johnson*, 760 So. 2d 80, 84 (Fla. 2000).

For purposes of a motion to dismiss, a court may only look to the pleadings and the exhibits attached to those pleadings. Fed. R. Civ. P. 10(c). While it is true the Eleventh Circuit noted the law in the circuit is such that "where the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern," *Crenshaw v. Lister*, 556 F.3d 1283, 1292 (11th Cir. 2009) (citing *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1206 (11th Cir. 2007), this does not mean the allegations in the complaint can be completely disregarded in favor of the exhibits to

allow the court to make a determination regarding a factual issue in a case on a motion to dismiss, as the defense implies in its motion. The standard by which this Court must evaluate defendant's motion to dismiss is whether plaintiff has alleged facts to prove above a speculative level that it is entitled to relief, taking the allegations in the complaint as true and construing the facts in the light most favorable to the plaintiff. *Am. Ass'n of People with Disabilities*, 227 F. Supp. at 1280. Defendants' argument centers on the interpretation of language in the contract and asks this Court to interpret the contract in their favor. At a motion to dismiss, it is inappropriate to decide such a factual matter. Plaintiff's First Amended Complaint alleges breach of contract based on its own interpretation of the contract. There is no "allegation" of the way in which the court should interpret the contract; rather, the pleading uses that interpretation as a factual context in which its allegations are presented. There is no allegation appearing in the First Amended Complaint *to* dismiss. Therefore, Section VIII of Defendant's Motion to Dismiss is denied.

## II.     Breach of Contract Claims (Counts I and V)

To state an action for breach of contract, a plaintiff must allege: (1) a valid contract was in effect; (2) there was a material breach of the contract; (3) damages; and (4) its "performance of obligations under the contract or a legal excuse for its nonperformance. *Bookworld Trade, Inc. v. Daughters of St. Paul, Inc.*, 532 F. Supp. 2d 1350, 1357 (M.D. Fla. 2007). Plaintiff, Whitney, has set forth none of the four requirements listed above. While Plaintiff does set forth an expansive "Background Facts" section in its First Amended Complaint, which spans ten pages, it fails to allege specific facts supporting its claims of breach in Counts I and V. Though the first paragraph in each count reincorporates the factual information contained elsewhere in the complaint by reference, this is not enough to support the individual allegations because it

does not even put the defendants on notice of which facts correspond to which Counts. Plaintiff fails to allege the specific provision of the contract allegedly breached. These counts are examples of "the-defendant-unlawfully-harmed-me accusation" that *Iqbal* warned against. *See Iqbal*, 129 S. Ct. at 1949 (stating the pleading standard in Rule 8 "does not require 'detailed factual allegations,'" but does require more than simply stating the defendant committed an act that harmed the plaintiff). Therefore, Section IX(A) of Defendants' Motion to Dismiss is granted and Counts I and V of the Amended Complaint are dismissed without prejudice.

### III. Good Faith and Fair Dealing Claims (Counts II and VI)

In Florida, good faith and fair dealing are parts of every contract. *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1315 (11th Cir. 1999). The duty of good faith and fair dealing "must relate to the performance of an express term of the contract." Good faith "is not an abstract and independent term of a contract [that] may be asserted as a source of breach" and, thus, no independent cause of action exists for its breach. (quoting *Hosp. Corp. of Am. v. Fla. Med. Ctr.*, 710 So. 2d 573, 575 (Fla. 4th Dist. Ct. App. 1998); *Weaver*, 169 F.3d at 1317–1318). So, Counts II and VI must be incorporated into the breach of contract claims, as they cannot exist independently. Presumably, though Plaintiff does not allege specifically, these two Counts refer to the same set of facts as the breach of contract claims (Counts I and V) and state no additional claims. Therefore, Section IX(B) of Defendants' Motion to Dismiss is granted and Counts II and VI are dismissed with prejudice insofar as being listed as causes of action separate and distinct from their corresponding breach of contract claims.

### IV. Tortious Interference Claims (Counts III and VIII)

To state an action for tortious interference with a contract, a plaintiff must allege: "(1) the existence of a business relationship under which plaintiff has legal rights, not necessarily

6

evidenced by an enforceable contract; (2) proof of defendant's knowledge; (3) intentional and unjustified interference with relationship by defendant; and (4) damage to plaintiff as a result of interference." *Hodges v. Buzzeo*, 193 F. Supp. 2d 1279, 1284 (M.D. Fla. 2002). Plaintiff has alleged none of these elements in its First Amended Complaint. Again, while Plaintiff put forth many facts is its "Background Facts" section, Plaintiff did not incorporate relevant facts specific to these individual claims. One is left to guess which facts out of the ten pages of facts alleged correspond to Plaintiff's tortious interference claims.

Generally, Defendants cannot be held liable for interfering with a contract unless that contract is between a plaintiff and third party. *Id.* at 1285. To be unjustified, the defendant must be "a stranger to the business relationship." *Ernie Haire Ford, Inc. v. Ford Motor Co.*, 260 F.3d 1285, 1294 (11th Cir. 2001). "[I]f the defendant 'has any beneficial or economic interest in, or control over, that relationship'," he is not a stranger to that relationship. *Nimbus Tech., Inc. v. SunnData Prods., Inc.*, 484 F.3d 1305, 1309 (11th Cir. 2007) (quoting *Tom's Foods, Inc. v. Carn*, 896 So.2d 443, 454 (Ala. 2004)). Henry Rodriguez does have a beneficial interest in and control over the relationship between SDC and Whitney because he is the guarantor of the loan. A Florida court has held that the guarantor of a loan between a bank and borrower is a party to the loan contract, and thus, cannot be held liable for interfering with the contract. *Ethyl Corp. v. Balter*, 386 So. 2d. 1220, 1224 (Fla. App. 3d Dist. 1980). Henry Rodriguez is the guarantor of the loan between the bank, Whitney and the borrower, SDC. Therefore, Henry Rodriguez cannot be held liable for tortious interference with the contract.

Defendants' argue these claims should be barred based on the economic loss rule. "[T]he economic loss rule prevents a party from bringing a separate action in tort to recover for economic losses resulting from a breach of contract." *HW Aviation LLC v. Royal Sons, LLC*,

7

2008 WL 4327296, at *4 (M.D. Fla., Sept. 17, 2008). If there is conduct beyond the breach of contract that rises to the level of an independent tort, then the economic loss rule would be satisfied and the claim would not be barred. *See id.* (explaining that the rationale for the rule comes from the notion that allocation of economic risk has already been negotiated through the bargaining process). There is simply a lack of specific facts allegedly supporting each individual tortious interference claim to make a determination whether the facts on which the breach of contract claims and tortious interference claims rest are the same.

Accordingly, Count III is dismissed with prejudice with respect to Henry Rodriguez and without prejudice with respect to Susan Rodriguez and H&S because Plaintiff failed to allege enough facts to make a determination whether the justification element is met as to each party. Count VII is also dismissed without prejudice for failing to allege enough facts upon which relief could be granted. Section IX(C) of Defendant's Motion to Dismiss is granted in part and denied in part.

### V. Conspiracy Counts (Counts IV, VII, IX, and XIV)

In Florida, to state a claim for civil conspiracy, a plaintiff must allege: (1) an agreement between two or more parties; (2) to do an unlawful act or lawful act by unlawful means; (3) an overt act in furtherance of the conspiracy; and (4) damage resulting from the acts done under the conspiracy. *Charles v. Fla. Foreclosure Placement Ctr., LLC*, 988 So. 2d 1157, 1159–60 (Fla. 3d Dist. Ct. App. 2008). To allege conspiracy, Plaintiff must allege particularized facts that are more than vague or conclusory. *Fullman v. Graddick*, 739 F.2d 553, 556–57 (11th Cir. 1984).

First, Defendants argue that these counts fail to state a claim because each of these counts uses the Rodriguez's use of restricted loan proceeds did not constitute an unlawful act. At a motion to dismiss, the court must view the facts in the light most favorable to plaintiff. *Ill. ex*

8

*rel. Madigan*, 538 U.S. at 618. Assuming, without deciding, the use of these proceeds was unlawful, each conspiracy count would have an unlawful act to allege, however, Plaintiff merely incorporates forty-three paragraphs of facts in support of its Counts IV and VII without alleging specific facts that constitute an unlawful act.

Second, Defendants argue all the civil conspiracy claims are barred by the intracorporate conspiracy doctrine. It holds, "acts of corporate agents are attributed to the corporation itself, thereby negating the multiplicity of actors necessary for the formation of a conspiracy." *McAndrew v. Lockheed Martin Corp.*, 206 F.3d 1031, 1036 (11th Cir. 2000). A corporation cannot conspire with its own agents or employees when they are acting within the scope of their employment. *Id.* There is an exception to this rule for agents who have a personal stake in the conspiracy plan that is separate from the corporation's interests. *Nationwide Mut. Ins. Co. v. Ft. Myers Total Rehab Ctr., Inc.*, 2010 WL 672777, at *3 (M.D. Fla., February 23, 2010).

Henry and Susanne Rodriguez are the sole owners and members H&S Hytop, LLC with Henry serving as the sole manager. (Dkt. 14) Henry and Susanne Rodriguez were also the owners and holders of all issued and outstanding stock of SDC with Henry serving as the sole director and officer. (Dkt. 14) Henry Rodriguez is thus an agent of both H&S and SDC, however, he may fall within the exception for having his own interests. This means that it is possible that the conspiracy claims against Henry will be barred by the intracorporate conspiracy doctrine, but there are simply no particularized facts alleged in any of the conspiracy counts to reach that conclusion. Similarly, there are no particularized facts in the complaint alleging that Susanne is not an agent of either company nor are there facts alleging that she had her own personal interest separate from that of each of the companies. Because the complaint fails to allege particularized facts with respect to the elements of the conspiracy and fails to allege the

9

basis for multiplicity, Counts IV, VII, IX, XIV are dismissed without prejudice and Section IX(D) of Defendants' Motion to Dismiss is granted.

## VI. Fraudulent Transfer Claims (Counts X–XIV)

To state a claim for violation of Fla. Stat. § 726.105(1), Plaintiff must allege: (1) "there was a creditor sought to be defrauded;" (2) "a debtor intending fraud;" and (3) "a conveyance of property, which could have been available to satisfy the debt." *Pearlman v. Alexis*, 2009 WL 3161830, at *4 (S.D. Fla., September 25, 2009). However, it is impossible to reach the underlying merits of the claims because each of Plaintiff's fraudulent transfer claims fails the basic pleading standards announced in *Iqbal* and *Twombly*. Again, while Plaintiff re-alleges forty-three paragraphs of facts, it is impossible to discern which facts correspond to each count. Additionally, each count internally contradicts itself. In each of Counts X, XI, XII, and XIV, Plaintiff simultaneously states the count is pursuant to Fla. Stat. § 726.108 as well as individual *other* statutes named in the headings. Counts X, XI, XII, XIV are thus dismissed without prejudice for failure to state a claim upon which relief could be granted.

## VII. Unjust Enrichment Claim (Count XV)

First, Defendants argue Count XV should be dismissed because the exhibits allegedly contradict the restrictions on the funds in the contract. This argument does not apply in this context because it is based solely on the facts of its own interpretation of the contract, which, as previously discussed, is not appropriate on a motion to dismiss. Additionally, the argument is moot because the facts must be viewed in the light most favorable to the plaintiff.

Second, Defendants argue that the unjust enrichment claim should be barred when there is no doubt about the existence of an express contract. However, Henry Rodriguez, Susanne Rodriguez, and H&S are not parties to the contract in question. Thus, Whitney would not have

an alternative contractual legal remedy against them. *See Webster v. Royal Caribbean Cruises, Ltd.*, 124 F. Supp. 2d 1317, 1326 (S.D. Fla. 2000) (stating that unjust enrichment is not available when an adequate legal remedy exists). Therefore, Section IX(F) of Defendants' Motion to Dismiss (Count XV) is denied. Accordingly, it is

**ORDERED** that Defendants' Motion to Dismiss is denied as to Section VII of the motion and Count XV of the First Amended Complaint, and granted as to Counts I–II, VI–VII, IX, X–XIV without prejudice. It is further ordered that Defendants' Motion to Dismiss is granted with prejudice as to Count III with respect to Henry Rodriguez, but without prejudice with respect to Susanne Rodriguez and H&S in both Count III and Count VIII. Therefore, Plaintiff has ten days from this date to file a second amended complaint.

**DONE AND ORDERED** in Chambers at Tampa, Florida, this ___ day of April, 2010.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT COURT JUDGE

Copies to: All parties and counsel of record.